IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Demetrius Glenn, a/k/a Demetriss Glenn, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden Nelson, )<br>)<br>Respondent. )<br>_____) | Case No. 6:23-cv-00674-DCC<br><br><br><br>**ORDER** |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion for Summary Judgment and Return and Memorandum on June 16, 2023. ECF Nos. 19, 20. Petitioner filed a Response in Opposition and a Motion for Discovery. ECF Nos. 31, 32. Respondent filed a Reply to the Motion for Summary Judgment, a Response in Opposition to the Motion for Discovery, and a Motion to Strike. ECF Nos. 33, 34, 35. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 6, 2023, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and the Petition be dismissed with prejudice, that the Motion for Discovery be denied, and that the Motion to Strike be granted. ECF No. 39. Petitioner filed objections, and Respondent filed a Reply. ECF Nos. 42, 44.

1

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

2

or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

As an initial matter, the Magistrate Judge provides a thorough recitation of the background facts and relevant law, which the Court incorporates by reference except as to one issue raised in Petitioner's objections.[1] In his objections, Petitioner states that he filed an amended pro se response to the *Johnson* petition for writ of certiorari, which was not included in the return and memorandum by Respondent. ECF No. 42 at 3. Upon review of the publicly available appellate docket,[2] it appears that Petitioner did indeed file an amended pro se response.

---

[1] Petitioner specifically objects to certain facts as recited by the Magistrate Judge with respect to his underlying representation. ECF No. 42 at 1–2. The Court finds that any discrepancy with respect to whether certain attorneys were appointed to Petitioner's criminal case or not has no bearing on the outcome of the present action. Liberally construed, Petitioner also generally objects to the Magistrate Judge's entire recitation of the facts. The Court has reviewed the entirely of the record, the Report, and the applicable law de novo. Upon such review, the Court finds it is appropriate to adopt the Magistrate Judge's factual recitation as modified below.

[2] The undersigned takes judicial notice of this publicly available record. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *Hall v. Virginia*, 385 F.3d 421, 424 & n.3 (4th Cir. 2004) (taking judicial notice of publicly available information on state government's website).

https://ctrack.sccourts.org/public/caseView.do?csIID=72460 (click on the document labeled "Petition for Writ of Certiorari and Responses - Johnson Pro Se Response #3") (last visited February 16, 2024). While it is captioned as a motion to amend, it nevertheless appears that it was considered by the South Carolina Court of Appeals in ruling on Petitioner's Petition for Writ of Certiorari. *See* ECF No. 19-9 ("Petitioner has filed a pro se petition and amended pro se petition.").[3] Accordingly, the Court modifies the Magistrate Judge's recitation of the relevant history of this action to include the amended pro se response.[4]

***Ground One***

In Ground One, Petitioner asserts that his Fourteenth Amendment rights were violated by Lexington County Detective Joseph Chappell's ("Detective Chappell") agreement with Tyrone Williams ("Mr. Williams") to fabricate evidence to get Petitioner

---

[3] The Court specifically notes that this was raised by Petitioner for the first time in his objections and not to the Magistrate Judge. Nor did Respondent reference the document in its procedural background of the case.

[4] As will be discussed below, and has been discussed in detail by the Magistrate Judge, a significant portion of the analysis of this action is dedicated to procedural default. Thus, what was and was not raised in Petitioner's various state court proceedings is of the utmost importance in addressing Petitioner's claims. The Court is also deeply aware that this is likely Petitioner's only opportunity to raise § 2254 grounds to the District Court. Upon a thorough review of the amended pro se response and in light of the liberal construction afforded to Petitioner's claims, the Court finds that it fails to save any grounds deemed procedurally defaulted by the Magistrate Judge. The Court will refer to the amended pro se petition as needed in its discussion below.

arrested for murder. ECF No. 1 at 5. The Magistrate Judge determined this ground was procedurally defaulted because it was not raised in Petitioner's direct appeal, his amended petition for post-conviction relief ("PCR"), his *Johnson* petition, or his pro se response.[5] Upon review, the Court agrees that this ground has been procedurally defaulted.

Petitioner argues that the procedural default should be excused because he is actually innocent.[6] The Court finds that the Magistrate Judge has included a complete recitation of the relevant underlying facts, arguments by Petitioner, and applicable law regarding his assertion of actual innocence and incorporates that recitation by reference. ECF No. 39 at 21–22. Upon de novo review of the record, the Report, and the applicable law, the Court finds that Petitioner's claim of actual innocence fails due to overwhelming evidence of guilt. The Court points specifically to the testimony of Charles Plumley ("Mr. Plumley") and Mr. Williams introduced at trial and concludes that a reasonable juror could

---

[5] The Court finds that this argument was also absent from Petitioner's amended pro se response. Petitioner discusses Detective Chappell but does not allege any type of conspiracy with Mr. Williams. *See* Petitioner's Amended Pro Se Response at 16–18.

[6] In his objections, Petitioner generally objects to the Magistrate Judge's discussion of procedural default and argues that Respondent has misrepresented the record. ECF No. 42 at 2. He asserts that Respondent "should have recognized the merits in Petitioner's appeal and consented to the relief Petitioner is entitled to." *Id.* Petitioner does not specifically object to the Magistrate Judge's findings and recommendation regarding actual innocence. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the record, the Report, and the applicable law in ruling on Petitioner's actual innocence claim.

have convicted Petitioner. Thus, Petitioner fails to excuse his procedural default. Accordingly, summary judgment is granted as to Ground One.

**Ground Two**

Petitioner labels Ground Two "6th Amend Violation." ECF No. 1 at 7. In the supporting facts, he states,

> After indicting me on fraudulent evidence manufactured by the Lexington County Sheriff Dept., I was housed with jailhouse snitches, who was acting for the Solicitor to elicit incriminating evidence against me. Me speedy trial rights were violated, I was appointed ineffective assistance of counsel, denied compulsory process to gather witnesses and evidence in my favor, and the right to confront the witnesses against me.

*Id.* The Magistrate Judge determined that Petitioner's claim that his speedy trial rights were violated due to ineffective assistance of counsel was preserved for federal habeas review; however, the remainder of the claims in Ground Two were procedurally defaulted. Upon review, the Court agrees with the ultimate conclusion of the Magistrate Judge as modified.

With respect to whether counsel was ineffective such that Petitioner's speedy trial rights were violated, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). App. 728–29. The PCR court found that,

> Applicant next alleges trial counsel should have filed a motion to dismiss on speedy trial grounds and was ineffective for not so moving. At PCR, Applicant testified that he filed a *pro se* speedy trial motion in conjunction with a *pro se* motion to

6

relieve the counsel who represented him prior to trial counsel Cornwell and Radeker. He testified that trial was set for January 2013, April 2013, and then August 2013, but he was actually tried in November 2013. At one point, Applicant also testified that he asked his trial counsel to get a continuance to have more time to prepare for trial.

The murder occurred on June 26, 2011. Applicant was initially indicted in November 2011. Applicant further alleges that between his 2011 arrest and November 2013 trial, a critical alibi witness named Tammy (last name unclear from Applicant's testimony) died. On this point, Applicant testified that he was aware that his trial counsel hired a private investigator that tried to locate Tammy, but discovered that she had passed away in 2013. As to the extent of the alibi she may have offered, Applicant's testimony was simply that because she lived with him at the time of the murder, he was with her a lot. Applicant could confirm no specifics concerning his alternative whereabouts during the incident. Accordingly, this Court finds not persuasive the assertion that the delay in trial prejudiced Applicant by virtue of the death of a potential alibi witness.

This Court also finds Applicant was not prejudiced by any lack of motion to dismiss for speedy trial violation. As an initial consideration, Applicant testified that the speedy trial motions were filed *pro se* while represented by counsel. Any direct communication between Applicant and the court in this regard is essentially a nullity because "substantive documents, with the exception of motions to relieve counsel, filed *pro se* by a person represented by counsel are not to be accepted unless submitted by counsel." *Miller v. State,* 388 S.C. 347, 347 (2010) (citing *State v. Stuckey,* 333 S.C. 56 (1998); *Foster v. State,* 298 S.C. 306 (1989)). But not only was Applicant's *pro se* assertion of his right to a speedy trial not properly before the Court, trial counsel cannot be found ineffective for the failure to argue such motion on Applicant's behalf because PCR testimony by counsel for both the defense and the

7

prosecution credibly indicated that counsel for both sides were working towards trial without undue delay.

Deprivation of the right to speedy trial does not *per se* prejudice the accused's ability to defend himself. *Barker v. Wingo,* 407 U.S. 514 (1972). Before passing on the merits of any such motion, the reviewing court should consider four factors used to determine whether a defendant has been deprived of his or her right to a speedy trial: 1) length of the delay; 2) reason for the delay; 3) defendant's assertion of the right; and 4) prejudice to the defendant. *State v. Evans,* 386 S.C. 418, 423 (Ct. App. 2009). "Accordingly, the determination that a defendant has been deprived of this right is not based on the passage of a specific period of time, but instead is analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense." *State v. Pittman,* 373 S.C. 527, 549 (2007).

As established by the Deputy Solicitor's discussion of the indictment issued in this case, Applicant was first indicted in 2011, with two years passing prior to trial. The Solicitor testified that Applicant's case was twice set for trial in 2013 and was twice continued with judicial oversight and by order of the Chief Administrative Judge, as the Solicitor was not responsible for unilaterally continuing or calling cases during the period in 2013 when this case was continued. *See State v. Langford,* 400 S.C. 421, 441 (2012) (ruling S.C. Code Ann. § 1-7-330(2005) violative separation of powers and subsequently causing the Chief Administrative Judges of the Circuit Courts to oversee the disposition and reconciliation of pending General Sessions cases); *see also Re: Reconciliation and Disposition of General Sessions Cases Statewide and Appointment of Committee Members,* 2013-002484, S.C. Sup. Ct. Order dated Jan. 7, 2014) (issued after Applicant's trial).

While two years passed between indictment and trial in this case, the constitutional guarantee of a speedy trial affords

>protection only against unnecessary or unreasonable delay. *State v. Chapman,* 289 S.C. 42, 45 (1986) (citing *State v. Waites,* 270 S.C. 104 (1978); *Wheeler v. State,* 247 S.C. 393 (1966)). "[A] speedy trial does not mean an immediate one; it does not imply undue haste, for the [S]tate, too, is entitled to a reasonable time in which to prepare its case; it simply means a trial without unreasonable and unnecessary delay." *Langford,* 400 S.C. at 441 (citing *Wheeler*). Given that testimony from the PCR hearing demonstrates that Applicant's trial was on defense counsel's radar for the majority of 2013 and was twice continued by the Chief Administrative Judge, this Court finds no record of unnecessary or unreasonable delay which caused Applicant prejudice. Applicant himself demonstrated a proclivity for seeking relief from previous appointments of counsel, which in and of itself is reason for some delay. Each time Applicant requested and was ordered appointment of new counsel, that counsel necessarily needed time to get up to speed. Additionally, testimony from the State at PCR established that there were no unwarranted delays or violations concerning the discovery which may have prejudiced Applicant's preparation for trial.
>
>This Court finds Applicant has failed to meet his burden of demonstrating *Strickland* error and prejudice from any failure to move to dismiss the indictments for a speedy trial violation. Applicant has failed to demonstrate a meritorious basis for a court to find a speedy trial violation warranting the dismissal of his charges. *See State v. Evans, supra.* Thus, Applicant has not demonstrated the reasonable probability of a different outcome at trial had counsel acted in the manner complained of. This allegation is **DENIED.**

App. 746–49 (internal citations cleaned up). The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the

9

*Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner generally argues that the Magistrate Judge erred in his analysis in the Report. ECF No. 42 at 5. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of this portion of Ground Two. Upon such review, the Court agrees with the recommendation of the Magistrate Judge. Here, the PCR court determined that trial had not been unreasonably delayed. The record supports the PCR court's determination. As discussed in more detail by the Magistrate Judge, Petitioner had requested several changes in defense counsel. These changes created some delay as each attorney had to get up to speed on Petitioner's case. Further, there is evidence in the record that was found credible by the PCR court that the decision on when to call the case for trial is at the discretion of the Chief Administrative Judge. With respect to Petitioner's argument that he was prejudiced because Tammy Laycock Bond ("Ms. Bond") would have been an alibi witness if she had not died during the pendency of this case, Petitioner testified at PCR that she would have testified that he would stay at her house and he was with her most of the time. He acknowledged that she would not have been able to testify as to his whereabouts during the crime with which he was charged.

Therefore, upon de novo review, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was either contrary to or an unreasonable application of applicable Supreme Court precedent.  Thus, he has failed to meet his burden under § 2254.

The Court now turns to the procedurally defaulted portion of Ground Two.  The Magistrate Judge determined that the remainder of this Ground was procedurally defaulted as these claims were not raised in his direct appeal, his amended PCR

application,[7] his *Johnson* petition, or his pro se response to the *Johnson* petition.[8] Upon review, the Court agrees. Further, Petitioner has not established actual innocence to

---

[7] Upon de novo review of the record, the Report, and the applicable law, the Court finds that Plaintiff's claim that trial counsel was ineffective in his pretrial investigation, thereby denying Petitioner his constitutional rights, was raised to and ruled on by the PCR court. *See* App. 749–56. The Court is of the opinion that, liberally construed, Petitioner may be bringing the same claim here given that all of Ground Two is labeled "Sixth Amendment." In his amended pro se response to the *Johnson* petition, Petitioner states that he was hindered from preparing his defense when he was in jail and without an attorney. *See* Petitioner's Amended Pro Se Response at 19. This allegation does not raise an ineffective assistance of counsel claim, nor does it assert that he was prevented from preparing a defense throughout his pretrial detention. He further states that his counsel informed him that he did not need to investigate or interview witnesses on his behalf. *See id.* at 20. To the extent Petitioner's statements concern his argument that he was prejudiced by counsel's failure to interview Ms. Bond before she died, that argument is addressed, supra. The Court further notes that Petitioner's statements concern one communication from counsel and he does not allege that counsel failed to investigate throughout his pretrial detention. Therefore, the Court agrees with the Magistrate Judge that this claim has been procedurally defaulted. Alternatively, upon de novo review, the Court finds that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to or an unreasonable application of applicable Supreme Court precedent based on the applicable law and the evidence in the record. *See* App. 749–56.

[8] With respect to the remaining claims in Ground Two, the Court has thoroughly reviewed Petitioner's amended response to the *Johnson* petition and finds that he has not raised any issues otherwise procedurally defaulted. With respect to his claim that he was housed with jailhouse snitches who were working for the Solicitor, Petitioner discusses various aspects of his experience with Mr. Plumley, and he states that he informed his attorney that he believed the Solicitor was trying to "set him up." *See* Petitioner's Amended Pro Se Response at 20–22, 26. To the extent he raises an ineffective assistance of counsel claim as to his statements regarding Mr. Plumley in his amended pro se response, this claim was not raised to the PCR court. With respect to his claim that he was denied his rights under the Confrontation Clause, Petitioner only discusses the Confrontation Clause with respect to his prior arrest. *See id.* at 4.

12

excuse the procedural default as explained above and in more detail by the Magistrate Judge. Accordingly, summary judgment is granted as to Ground Two.

***Ground Three***

In Ground Three, Petitioner asserts his Fourteenth Amendment rights were violated by the Solicitor's decision to "enter nolle prosequi and then reindict" him because these actions were taken to continue the case and "evade trial due to a lack of evidence." ECF No. 1 at 8. He further contends that a prior invalid sentence was used for impeachment at trial and to enhance his sentence. *Id.* The Magistrate Judge determined that the entirety of this Ground is procedurally defaulted. ECF No. 39 at 33–35. Upon de novo review, the Court agrees.

With respect to Petitioner's claim regarding the fact that his initial indictment was nolle prossed and he was then reindicted, Petitioner did not raise this issue in his direct appeal, his *Johnson* petition, or his pro se response to the *Johnson* petition.[9] Accordingly, it is procedurally defaulted.

With respect to Petitioner's claim that his Fourteenth Amendment rights were violated based on a prior invalid sentence being used to impeach him and enhance his sentence, Petitioner did not raise this claim in his direct appeal as required given the nature of the argument. As explained in more detail by the Magistrate Judge, this issue

---

[9] Further, Petitioner did not raise this claim in his amended pro se response. *See* Petitioner's Amended Pro Se Response.

13

has been raised as a freestanding claim alleging trial court error and not ineffective assistance of counsel. Therefore, Petitioner was required to raise this argument in his direct appeal. *Stephenson v. Taylor*, C/A No. 0:06-816-RBH, 2007 WL 1068247, at *2 (D.S.C. Mar. 30, 2007) (finding a freestanding due process claim procedurally barred where, "even if under a liberal construction of the PCR application the issue is considered to have been raised before the PCR Judge, this was an issue that should have been raised on direct appeal and could not be raised on PCR except as to ineffective assistance of counsel"). Therefore, this claim is procedurally defaulted.

As noted above, Petitioner has failed to articulate any cause and prejudice and has not met his burden of showing actual innocence such that procedural default should be excused. Therefore, the motion for summary judgment is granted as to Ground Three.

*Ground Four*

In Ground Four, Petitioner asserts that he has been subjected to selective and retaliatory prosecution. ECF No. 1 at 10. He alleges that he was exonerated by DNA evidence, but the Solicitor reindicted him in retribution for him failing to cooperate. He contends that the Solicitor withheld and suppressed exculpatory evidence and presented perjured and fraudulent evidence to the jury, which resulted in his conviction. The Magistrate Judge determined that the claim that the Solicitor reindicted him in retaliation for declining the plea deal is procedurally defaulted. He found that Petitioner's claim that the Solicitor presented false witness and fraudulent testimony at trial was preserved and

14

addressed that claim on the merits. ECF No. 39 at 36–39. Upon review, the Court agrees.

With respect to Petitioner's claim that the Solicitor presented false witness and fraudulent testimony at trial, the PCR court found that,

> Without further support, Applicant also alleges in the amended application for PCR that the State presented false witnesses and fraudulent testimony at trial.
>
> This Court finds Applicant has not presented any evidence tending to establish bad faith on the part of the State in regards to this case. This Court finds credible the Solicitor and Deputy Solicitor's PCR testimonies which established that Applicant and counsel were made aware and informed of the nature of the charges in advance of the trial, were provided with discovery in the ordinary course and in line with Rule 5, SCRCrimP and *Brady v. Maryland,* 373 U.S. 83 (1963), and that no deals or offers were extended to either Plumley or Williams in exchange for their trial testimonies.
>
> Applicant has not met his burden as to any allegation of prosecutorial misconduct contained in the amended PCR application. *See Earley* v. *State,* 418 S.C. 255 (2016). Applicant wholly failed to put forth any evidence to the contrary and wholly failed to demonstrate any bad act or intent on the part of the prosecution. This Court accordingly **DENIES** these allegations.

App. 757–58 (internal citations cleaned up). As explained in more detail by the Magistrate Judge, the PCR court's determination was not based on objectively unreasonable factual determinations and did not result in a decision that was contrary to or an unreasonable application of clearly established federal law. In his objections, Petitioner seems to attack

the PCR court's credibility findings with respect to the Solicitor and Deputy Solicitor. Petitioner contends that Rick Hubbard[10] ("Mr. Hubbard") testified that no *Brady* motions were made; however, Petitioner attaches *Brady* motions that were submitted to the Solicitor's office. ECF No. 42 at 5. He further asserts that he has presented evidence of suppressed evidence.

The PCR court found the Solicitor and Deputy Solicitor to be credible. That finding is entitled to deference. *See Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)). Upon review, the Court disagrees with Petitioner's categorization of Mr. Hubbard's testimony. In reviewing the transcript as a whole, it is clear that he was being asked about and was discussing whether any discovery violations had occurred during this case. *See* App. 676. It is possible that he could have been slightly more careful with his words; however, such a small misstatement, if it can even be categorized as such, is insufficient to disturb the PCR court's credibility finding or support Petitioner's underlying claim. To the extent Petitioner maintains that there were *Brady* violations, that claim also fails. As noted by the PCR court and the Magistrate Judge, there is no evidence of any bad act or intent by the Solicitor or that any false evidence or testimony was presented at trial. Accordingly, Petitioner has failed to meet his burden under § 2254 with respect to this claim.

---

[10] Mr. Hubbard represented the State.

16

With respect to Petitioner's claim that he was reindicted in retaliation for declining the offered plea deal, Petitioner did not raise this Ground in his direct appeal, his *Johnson* petition, or his pro se response to the *Johnson* petition.[11]  Further, as noted above and explained in more detail by the Magistrate Judge, Petitioner has not alleged cause and prejudice or satisfied the actual innocence standard to excuse procedural default. Accordingly, this claim is procedurally defaulted.  Therefore, summary judgment is granted as to Ground Four.[12]

***Petitioner's Motion for Discovery and Respondent's Motion to Strike***

The Magistrate Judge further recommends denying Petitioner's Motion for Discovery and granting Respondent's Motion to Strike.  ECF No. 39 at 40–41.  In his objections, Petitioner maintains that additional discovery is necessary.  ECF No. 42. Upon de novo review, the Court finds that additional discovery is not warranted in this action as Petitioner has not demonstrated good cause and Petitioner's affidavits are improper.  *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) ("Rule 6(a) of the Rules Governing Section 2254 Cases requires a habeas petitioner to show good cause

---

[11] He further did not raise this issue in his amended pro se response to the *Johnson* petition.  Petitioner refers to the DNA evidence but does not make any allegations against the Solicitor in connection with the DNA results.  Petitioner's Amended Pro Se Response at 26.  The Court concludes that any other mention of the Solicitor or of malicious prosecution in the document does not relate to the procedurally defaulted claim presented in Ground Four.  *See id.* at 24–25, 28.

[12] To the extent Petitioner alleges any procedural defect with respect to the PCR hearing, such an argument has not been preserved for federal habeas review.

17

before he is afforded an opportunity for discovery. . . . Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief."). Accordingly, the Motion to Strike is granted and the Motion for Discovery is denied.[13]

## CONCLUSION

Therefore, based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge as modified. Respondent's Motion for Summary Judgment [20] is **GRANTED** and the Petition is **DENIED**. The Motion to Strike [35] is **GRANTED**, and the Motion for Discovery [32] is **DENIED**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

---

[13] In his objections, Petitioner requests that the Court impose sanctions on Respondent. ECF No. 40 at 2. To the extent it is necessary to rule on this request, it is denied.

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED**.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

March 28, 2024
Spartanburg, South Carolina